UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREENFLY AMERICA, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>MIR3, INC.,<br><br>      Defendant. | Case No.<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Greenfly America, Inc. ("Greenfly") demands a jury trial and complains against Defendant MIR3, Inc. ("MIR3"), and states as follows:

## THE PARTIES

1. Greenfly is a corporation organized and existing under the laws of the State of Nebraska, conducting business in this judicial district.

2. On information and belief, and based on the records of the Delaware Secretary of State, MIR3 is a Delaware corporation with its headquarters located at 3398 Carmel Mountain Road, San Diego, California 92121, and conducts business in this judicial district.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States of America, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

4. Greenfly is informed and believes, and based thereon alleges, that MIR3 is doing business and committing acts of infringement of the patent identified below in this judicial district, and is subject to personal jurisdiction in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT

6. On January 29, 2013, U.S. Patent No. 8,364,770 ("the '770 Patent") was duly and legally issued to Greenfly, naming David J. Ladouceur and Michael J. Tracy ("the Inventors") as the inventors. The '770 Patent claims an invention entitled "Heterogeneous Network Delivery of Electronic Messages In Accordance With Privacy and Personalization Criteria." On August 23, 2010, the Inventors assigned all rights, title and interest in and to the '770 Patent to Greenfly. A copy of the '770 Patent is attached to this Complaint as Exhibit 1.

7. The '770 Patent is directed to a novel method of delivering electronic messages on disparate communications networks. The '770 Patent is directed to a system that involves social fabric templates that characterize the structure of a group, including information about roles, permissions, and transaction rules.

8. Claim 1 of the '770 Patent claims a method for delivering electronic messages using the social fabric templates to create an action list. Because the social fabrics contain information about roles, permissions, and transactions rules, a sender is able to target messages using this fabric information. Each member of the group has the ability to specify communication preferences for receiving messages sent through the method. The system then executes the action list by sending the messages.

9. Claim 2 of the '770 Patent is directed to the same method as Claim 1 with the added ability to provide authentication operations.

10. Claim 3 of the '770 Patent is directed to the same method as Claim 1 with the added requirement for opt-in membership settings.

11. Claim 4 of the '770 Patent is directed to the same method as Claim 1 with the added requirement of the system processing location related data.

12. Claim 5 of the '770 Patent is directed to the same method as Claim 4 with the added requirement that the system tailor an electronic message based upon location related data.

13. Claim 6 of the '770 Patent is directed to the same method as Claim 1 with the added requirement that the system process movement information for the message recipients.

14. Claim 7 of the '770 Patent is directed to the same method as Claim 6 with the added requirement that the system tailor an electronic message based upon the message recipient movement data.

15. Greenfly sought to commercialize the invention claimed by the '770 Patent and obtained favorable feedback about the invention from various potential clients. In spite of the favorable reviews, Greenfly was unable to obtain the investment capital necessary to build the network infrastructure required to operate the invention.

16. Greenfly's investigation led it to conclude that numerous market participants are now offering communication networks that perform the functions claimed by the '770 Patent using their preexisting networks. The presence of these more established market participants offering infringing products and services prevented Greenfly from successfully entering the market.

## MIR3'S INFRINGING SYSTEM

17. MIR3 "is the premier provider of Intelligent Notification and response software for business operations, including crisis management, IT service management, corporate communications, customer relations, supply chain management, event management, or any area that needs reliable two-way notification for groups from one to many thousands." MIR3, About, http://www.mir3.com/about/ (last visited Dec. 2, 2015).

18. MIR3 provides the functionality to its clients through its Intelligent Notification Software. The Intelligent Notification Software is a robust system that allows users to send

3

notifications to individuals or groups that includes roles, permissions, and transaction rules. *See generally* Intelligent Notification: The Enterprise Notification Solution ("MIR3 Datasheet") at 4, http://www.mir3.com/wp-content/uploads/2012/12/MIR3-IntelligentNotification-Datasheet1.pdf (stating that the system has permission control based upon "role-based permission setting"), 2 (setting out platform capabilities, including various transaction rules); *see also* MIR3, Intelligent Notification, http://www.mir3.com/products/intelligent-notification/ (last visited Dec. 2, 2015) (setting out capabilities of the Intelligent Notification system).

19. MIR3's system allows for defining roles of the various uses. *See* MIR3 Intelligent Notification, http://www.mir3.com/products/intelligent-notification/ ("Unlimited roles and role templates"). The system allows for "dynamic groups" for message targeting. *Id.*

20. MIR3's system includes "permission" settings that limit access to the system. *See* MIR3, Intelligent Notification, http://www.mir3.com/products/intelligent-notification/ ("Intelligent Notification makes it easy to control access and security by allowing you to define hierarchical, role-based permissions by divisions and subdivisions. This way you can allow or restrict user access to recipient groups, notification templates and other features.").

21. MIR3's system allows users to send messages through multiple modes of communication, including e-mail, phone, satellite phone, SMS, secure SMS, mobile app, pagers, desktop alerting, RSS, fax, TTY, Blackberry Messenger, and bulletin board. *See* MIR3, Intelligent Notification, http://www.mir3.com/products/intelligent-notification/.

22. MIR3's system includes authentication methods, including passwords and user IDs. *See* MIR3, Intelligent Notification, http://www.mir3.com/products/intelligent-notification/.

23. MIR3's system allows users to opt-in to various alerts based on a number of criteria, including keywords, category, severity, and priority. *See* MIR3, Intelligent Notification,

http://www.mir3.com/products/intelligent-notification/ ("Apply topic subscription/suppression to send alerts to recipients based on criteria such as keywords, category, severity and priority"). The system also offers a "self-registration portal" that allows users to opt-in. *Id.*

24. MIR3's system is designed to allow users to set their own communication preferences, including through the use of its "Find-Me-Follow-Me" feature. *See* MIR3, Intelligent Notification, http://www.mir3.com/products/intelligent-notification/.

25. MIR3's system tracks user's locations and movements and allows for messages to be targeted and adapted based upon this location and movement information. *See* MIR3, Intelligent Notification, http://www.mir3.com/products/intelligent-notification/ ("Geographically targeted recipients for global notifications") ("Location check-in to indicate a temporary location").

26. Upon information and belief, MIR3 has tested its system on an ongoing basis to ensure proper performance and has demonstrated the use of the system for prospective customers. *See* MIR3, Weekly Live Intelligent Notification Demos, http://www.mir3.com/weekly-live-demos/ (last visited Dec. 2, 2015) (webpage at which potential customers can register for live product demonstration).

27. Upon information and belief based upon MIR3's public statements, MIR3 has delivered its Intelligent Notification system to some of the largest corporations and organizations in the world, including Pepsico, Quaker, Tropicana, Aetna, Southwest Airlines, Gatorade, Frito Lays, and numerous others. *See, e.g.*, MIR3, Customer Portfolio, http://www.mir3.com/about/customer-portfolio/ (last visited Dec. 2, 2015).

28. MIR3 provides resources related to best practices for a notification system and the use of its system, including a blog, datasheets, white papers, case studies, tip sheets, briefs,

webinars, training, and videos. *See* MIR3 Webpage Resources Page, http://www.mir3.com/resources/ (last visited Dec. 2, 2015).

29. Upon information and belief, MIR3 provides instructions directly to its customers on the implementation and use of its Intelligent Notification system, including instructions regarding how to use each of the features claimed by the '770 Patent. Such instruction is standard in the industry. Moreover, MIR3 markets its "first-rate deployment and professional services teams that ensure the system is configured to [the client's] exact needs." MIR3, Why MIR3, http://www.mir3.com/about/why-mir3/ (last visited Dec. 2, 2015).

30. MIR3's clients use its systems to deliver electronic messages in the manner set forth in the '770 Patent. Based on the nature of MIR3's system, these end users are utilizing MIR3's system to perform the methods claimed by the '770 Patent.

## MIR3 IS AWARE OF THE '770 PATENT

31. On or about January 30, 2015, Greenfly sent a notice letter along with a copy of the '770 Patent to MIR3's Chief Executive Officer.

32. The notice letter informed MIR3 of the '770 Patent, identified MIR3's Intelligent Notification system as related to the method claimed by the '770 Patent, and offered to engage in a discussion about a potential license of the '770 Patent.

33. Greenfly is informed and believes and, based thereon, alleges that MIR3 investigated the '770 Patent upon receipt of the letter.

34. Regardless of its actual actions, MIR3 should have investigated the '770 Patent upon receipt of the notice letter and become aware that its Intelligent Notification system infringes the '770 Patent.

35. Greenfly never received a response to its notice letter.

36. MIR3 has continued to offer its Intelligent Notification system to users since becoming aware of the '770 Patent.

## COUNT I
## DIRECT INFRINGEMENT

37. Greenfly repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 36 above.

38. As a result of making, using, testing, marketing, and selling the Intelligent Notification system, MIR3 has directly infringed Claims 1 through 7 of the '770 Patent literally and/or under the doctrine of equivalents. As set forth *supra* Paragraphs 17 through 30, the Intelligent Notification system is specifically designed to perform each and every step set forth in Claims 1 through 7 of the '770 Patent and each use of the system will result in infringement of at least one claim of the '770 Patent.

39. MIR3 has willfully infringed Claims 1 through 7 of the '770 Patent by directly infringing the patent with knowledge of the patent and in spite of an objectively high likelihood that its actions constituted infringement of the '770 Patent.

40. Greenfly has suffered damages as a result of MIR3's direct infringement of the '770 Patent.

## COUNT II
## INDIRECT INFRINGEMENT

41. Greenfly repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 40 above.

42. MIR3's Intelligent Notification system is particularly adapted for use in a manner that infringes Claims 1 through 7 of the '770 Patent. Specifically, as alleged *supra*, MIR3's product is designed to allow users to send messages based upon templates to users via multiple

communication avenues.  The product is further designed to include authentication, to provide message recipients with control over their communication preferences, to process location and movement data, and to tailor messages based on location and movement data.

43.  MIR3 has been aware of the '770 Patent since at least on or around January 30, 2015, and was aware, or should have been aware, that the use of its Intelligent Notification system constitutes direct infringement of the '770 Patent.

44.  In spite of its knowledge of the '770 Patent, MIR3 has continued to offer its Intelligent Notification system to customers and has continued to instruct customers on how to use MIR3's product in a manner that infringes Claims 1 through 7 of the '770 Patent.

45.  Upon information and belief, at least one of MIR3's customers has used the Intelligent Notification system in a manner that infringes the '770 Patent since MIR3 became aware of the '770 Patent.

46.  MIR3 indirectly infringes Claims 1 through 7 of the '770 Patent by inducing others to use its Intelligent Notification system in a manner that directly infringes the asserted claims. MIR3 provides its systems to some of the largest companies and organizations in the world and instructs them on how to use the system, including by instructing the use of each of the features claimed by the '770 Patent.  MIR3 has induced these infringing uses with full knowledge of the '770 Patent and with full knowledge that the use of its Intelligent Notification system as directed constitutes infringement of the '770 Patent.

47.  MIR3 indirectly infringes Claims 1 through 7 of the '770 Patent by contributorily infringing the patent through the sale of its Intelligent Notification system.  Companies and organizations that purchase the Intelligent Notification system directly infringe the '770 Patent through the use of the system.  MIR3 sells its system and offers it for sale for use in performing

the patented method. The Intelligent Notification system is not a staple article of commerce and is not capable of substantial non-infringing uses. MIR3 has sold its system with full knowledge of the '770 Patent and with full knowledge that the use of its Intelligent Notification system constitutes infringement of the '770 Patent.

48. Greenfly has suffered damages as a result of MIR3's indirect infringement of the '770 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Greenfly prays for judgment against Defendant MIR3 on all the counts and for the following relief:

A. Declaration that Greenfly is the owner of the right to sue and to recover for infringement of the '770 Patent being asserted in this action;

B. Declaration that MIR3 has directly infringed, actively induced the infringement of, and/or contributorily infringed the '770 Patent;

C. Declaration that MIR3 and its customers are jointly or severally responsible for the damages from infringement of the '770 Patent through the use of the Intelligent Notification system;

D. Declaration that MIR3 is responsible jointly or severally with its customers for the damages caused by the infringement of the '770 Patent through the use of the Intelligent Notification system by MIR3's customers;

E. An accounting for damages under 35 U.S.C. § 284 for infringement of the '770 Patent by MIR3, and the award of damages so ascertained to Greenfly together with interest as provided by law;

G. Award of Greenfly's costs and expenses;

H. Award of Greenfly's attorney fees; and

I. Such other and further relief as this Court may deem proper, just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Greenfly demands a trial by jury of all issues properly triable by jury in this action.

By: _____
James L. Zimmerman # 14665
ZIMMERMAN LAW FIRM P.C. ,L.L.O.
1615 Second Avenue
P.O. Box 700
Scottsbluff, NE  69363-0700
Telephone No.: (308) 630-0909
Facsimile No.: (308) 630-0932
Email: jlz@jlzlaw.com

Attorney for Plaintiff Greenfly, Inc.

Dated: January 8, 2015